JOHN ALDAZABAL, Appellant, v. JOHN GOITIANDIA, Respondent.

[256 Pac. 98.]

APPEAL AND ERROR—FINDINGS SUPPORTED BY EVIDENCE—PARTNERSHIP —STATUTE REQUIRING FILING OF CERTIFICATE INAPPLICABLE TO DEFENSE.

1.   Assignment of error to findings of fact is not well taken when findings are supported by substantial evidence.

2.   Laws 1921, chap. 212, requiring partnership to file certificate setting forth name under which business is transacted and names of parties conducting such business in order to maintain suit within state, *held* inapplicable in action for money had and

received and for wages, wherein defendant alleged that money was received as payment for interest in certain partnership and that work and labor were performed for partnership, since neither partnership nor any person in its behalf was thereby seeking to maintain a suit.

APPEAL from the District Court of the Third Judicial District, for Elmore County. Hon. Raymond L. Givens, Judge.

Action for money had and received, and for wages. Judgment for defendant. *Affirmed.*

R. W. Beckwith, for Appellant.

The court should have excluded all evidence of partnership. (Sess. Laws 1921, chap. 212, p. 425; 5 Words and Phrases, p. 4277; *Lucas v. St. Louis & S. Ry. Co.,* 174 Mo. 270, 73 S. W. 589, 61 L. R. A. 452; *Brenn v. City of Troy,* 41 How. Pr. (N. Y.) 475; *California Savings & Loan Soc. v. Harris,* 111 Cal. 133, 43 Pac. 525; *Carson-Rand Co. v. Stern,* 129 Mo. 381, 31 S. W. 772, 32 L. R. A. 420; *Byers v. Bourret,* 64 Cal. 73, 28 Pac. 61.)

The burden of proving a partnership is upon him who alleges its existence. (30 Cyc. 402; *Strickler v. Gitchel,* 14 Okl. 523, 78 Pac. 94.)

The mere agreement between plaintiff and defendant to form a partnership does not of itself create a partnership. (30 Cyc. 358.) The one who alleges the existence of a partnership must show his own assent and the like assent

Publisher's Note.

1. See 2 R. C. L. 207.

2. Statute as to conditions of doing business under assumed or fictitious name or designation not showing names of persons interested as affecting actions between partners, see note in 45 A. L. R. 235.

See Appeal and Error, 4 C. J., sec. 2853, p. 878, n. 82; sec. 2855, p. 884, n. 35.

Partnership, 30 Cyc., p. 420, n. 76, 78.

of every other partner. (30 Cyc. 357; C. S., sec. 5830, subd. 7.)

L. B. Green and Frank T. Wyman, for Respondent, cite no authorities on points decided.

BRINCK, Commissioner. — The complaint states two causes of action. In the first plaintiff alleges that he gave defendant for safekeeping a check payable to himself for $500; that defendant indorsed plaintiff's name thereon and obtained the money therefor, and that defendant has refused to pay over to plaintiff the amount so collected and prays judgment for the amount of the check and interest. In the second cause of action plaintiff alleges that he worked for defendant during a specified period of time, at an agreed wage, and that defendant has not paid him the wages earned, and prays for judgment therefor.

The answer admits the collection of the check, and alleges affirmatively that defendant, owning a one-half interest in a certain partnership engaged in the sheep business, sold to plaintiff one-third of defendant's one-half interest in the partnership, and that it was agreed between the parties that the amount of the $500 check which defendant admits having received and cashed should be applied and was applied on the purchase price to be paid by plaintiff for the interest he thus obtained in the partnership property; and further alleges that the work and labor performed as alleged in the second cause of action was performed for the partnership and not for defendant, and that the wages so earned were, by agreement of the parties, to be applied and were applied upon the purchase price to be paid by plaintiff for the interest so acquired in the sheep outfit.

Upon conflicting evidence the trial court found for the defendant upon all the issues, and entered judgment for the defendant, from which judgment plaintiff appeals.

[1] Error is assigned as to certain findings of fact. The findings are supported by substantial and, indeed, preponderating evidence, and the assignment is not well taken.

[2] Error is also assigned as to the admission of evidence of the partnership. Appellant contends that such evidence is inadmissible under the provisions of Sess. Laws 1921, chap. 212. This act (Sess. Laws 1921, p. 424), provides, in section 1, among other things, that no person or persons shall conduct or transact business under any designation, name or style, partnership or otherwise, other than the true and real name or names of the persons conducting such business, or having an interest therein, unless they file in the office of the recorder of the county in which the business is to be conducted or transacted a certificate setting forth such designation, name or style, and the true names of the parties conducting such business; and further provides, in section 6 thereof, which is the portion of the act relied on by appellant, as follows:

"No person or persons carrying on, conducting, or transacting business as aforesaid, or having any interest therein, shall hereafter be entitled to maintain any suit in any of the courts of this State without alleging and proving that such person or persons have filed a certificate as provided for in section 1 hereof, and failure to file such certificate, shall be *prima facie* evidence of fraud in securing credit."

The statute has no application to this case. Neither the partnership nor any person in its behalf was here seeking to maintain a suit.

No error appearing, the judgment should be affirmed.

Varian and McNaughton, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.